UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

UNITED STATES OF AMERICA,

CASE NO.: 12-CR-256 (CS)

-against-

**AFFIRMATION IN REPLY**

DANNY BORGOS,

Defendant.

_____x

**I, BRYAN M. GOLDSTEIN, ESQ., affirm under penalty of perjury** that:

1. I am an associate in the Law Offices of David I. Goldstein, the attorneys for the Defendant in the above entitled action, and as such I am fully familiar with all the facts and circumstances surrounding this matter. I make this Affirmation in further Support of the Notice of Motion and in opposition to the United States Attorney's Opposition.

2. The mandatory minimum violates the Constitutional rights under the Fifth Amendment's Due Process clause. Counsel, citing case law regarding the rational basis standard of review, states, "This standard confers on the challenged classification a strong presumption of validity, and places the burden on the person attacking its rationality to negate every conceivable basis which might support it." (See Page 5 of opposition papers). In our Notice of Motion, we clearly met our burden, showing the mandatory minimum does not meet the rational basis standard of review. Clearly there are alternatives to incarceration for a defined period of time that are also designed to deter, punish, and

rehabilitate. Further, the Constitutional violations resulting from this also show the *irrationality* of a statutory mandatory term of imprisonment. The Defendant has fully shown in the Notice of Motion the mentioned treatment plans are the appropriate route for this Court to take and that imprisonment will do Mr. Borgos more harm than good.

3. Although counsel believes Courts routinely pass rational basis review with regard to this issue (and cites case law), they do not directly address the issue herein. In fact, the law cited in their papers (explaining how judges may deviate within the guidelines but are still restricted by the bounds of the mandatory minimum), clearly demonstrates the point made in Defendant's Notice of Motion. In enacting these mandatory minimum sentences, Congress has stepped beyond their authority and usurped same from the judiciary. Federal court judges, in turn, have lost their power to impose sentences per their discretion. This usurpation is outside the realm of Congressional power and goes against the firmly established system of checks and balances between the branches of government.

4. In fact, their papers state on page 6, "the law is clear that Congress may dictate mandatory minim sentences despite any such effects." Again, a clear demonstration of Congress's attempt to usurp power from the judiciary.

5. Counsel continues their papers citing cases and laws which seek to rid the world of child pornography. Those cases and laws cited all refer to those who sexually exploit children, child molesters, and child pornographers, none of which appropriately categorize Mr. Borgos. Additionally, counsel repeatedly uses

words and phrases such as, "sexual exploitation," "abuse of children," "child pornography harms and demeans those abused," "to seduce other children," "to convince potential victims," "regularly participate," etc. These references made in counsel's papers do not address the defendant, Mr. Borgos. Mr. Borgos never had any contact with a child nor exploited any children. Additionally, as seen in the Notice of Motion, **Mr. Borgos is not likely to harm any children.** Counsel is merely bolstering their position by using these words in an attempt to paint Mr. Borgos as a monster or a predator, rather than someone in need of help who has not committed, nor will commit, any direct harm.

6. With regard to "drying up the market," as asserted in counsel's papers, this is an old theory. Eliminating child pornography, in this day and age, is likely not possible. The vast use of computers will likely never allow for this problem to be rid of entirely. It is an old school way of thinking, from when computers were used significantly less than they are today. Making this assertion is the equivalent to asserting one's belief in the abominable and failed Rockefeller Laws. Those laws sought to be "tough on crime" and aspired to eliminate the drug problem in the country. The jails filled and the drug problem continued. These problems are everlasting, and while certain people may be deterred by seeing the punishments certain defendants receive, the problems will likely never go away.

7. Next, counsel cites a 7th Circuit case, *United States v. Myers*, where the Court states, "it is certainly not irrational to punish more severely the person who knowingly receives such material, because it is that person who is creating

and/or perpetuating the market for such material." (See page 10 of counsel's opposition). How can a Court believe that those who receive these materials should be punished <u>more</u> severely? Clearly, there is a violation of Due Process rights when Courts are treating all defendants as equal. Those creating such material are more likely engaged in activities directly harming a child (or children), while those who are merely recipients of those materials do not have any direct contact with these children. There is an obvious discrepancy in treatment of defendants, thus proving the five year mandatory minimum is unconstitutional. Defendants must be treated by the seriousness of the alleged crime they are charged with and be punished accordingly, not lumped together and treated the same.

8. The mandatory minimum violates the Eight Amendment's prohibition on cruel and unusual punishment as well. Counsel has yet to provide a clear showing that federal and state courts justly impose such vastly disparate sentences upon criminal defendants. The lack of proportionality in sentencing obviously demonstrates the Eighth Amendment implications in issue. As seen in *US v. Hynes* (cited by counsel), it was Congress's stated goal to achieve uniformity in **federal sentencing**. While this goal may have been achieved within the federal court system, it does not account for the gross disparity between sentencing in state and federal courts (which in this jurisdiction, sit a mere fifty yards (approximately) apart).

9. Counsel states that successful challenges to proportionality of

particular sentences are exceedingly **rare**. This does not mean they cannot be done. Here, mandatory minimum five year term of imprisonment is an apparent violation of the Eighth Amendment, when just down the street a similarly situated defendant in State Court would receive a **significantly** lighter sentence.

10. The same arguments apply to the Eighth Amendment as they do in the above-mentioned Fifth Amendment. The judge's power is taken away from them by the usurping Congressional enactments. Counsel again, in their argument against the Eighth Amendment violation, uses the phrases and words referenced above, and even adds and includes the word, "pedophile." Mr. Borgos does not fit within any of these terms, nor (pursuant to our papers and annexed exhibits from various doctors) is Mr. Borgos likely to actively seek out and/or harm a child. This is the very purpose of Defendant's Notice of Motion explaining the troubles of Danny Borgos. He is in need of help. He is unlikely to reoffend as shown in Defendant's papers, and with therapy and treatment, he will not only avoid reoffending, but can perhaps become an upstanding and law abiding member of society. They also include the words and phrases such as, "repeat offender," "advertising willingness to trade," "child pornography offender," "distribution of child pornography," and "recidivist." Danny Borgos does not fit within any of these categories. Counsel's papers are pure bolstering.

11. While counsel asserts there is no case granting the relief requested in Defendant's Notice of Motion, there is currently a case pending before the Second Circuit regarding same. The law is an always evolving mechanism. Merely asserting something to the effect, "there is not a single case that has

been decided in a particular way," is naïve and neglects that the law is an ever changing mechanism. Laws are not born in nature, and of course there are, and always will be, decisions being made on a first time basis.

12. The overall tenet of the United States Constitution is fairness. A world without mandatory minimums is not a world where all like charged defendants walk out of Court unscathed. But it would be a world where a defendant could be sentenced for his or her own individual conduct, not pursuant to some unconstitutional, unfair mandate.

13. Therefore, this Court must grant the relief requested in Defendant's Notice of Motion.

**WHEREFORE,** I respectfully request that the Court grant the relief sought in the Notice of Motion, as well as such other and further relief as may be just and proper.

**I declare under penalty of perjury that the foregoing is true and correct.**

Dated:  Chestnut Ridge, New York
        November 30, 2012

_____
BRYAN M. GOLDSTEIN (3712)
LAW OFFICES OF DAVID I. GOLDSTEIN
Attorneys for Defendant
747 Chestnut Ridge Rd., Suite 200
Chestnut Ridge, NY 10977
P: (845) 356-4600
F: (845) 356-4902